## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 2017-cv-2738

JEFFREY S. SHOAF

      Plaintiff,

v.

PITKIN COUNTY BOARD OF COUNTY COMMISSIONERS,
UNITED STATES FOREST SERVICE, an Agency of the United States Department of
Agriculture, and
ALL UNKNOWN PERSONS who may claim an interest in the subject property.

      Defendant(s).

---

### COMPLAINT FOR QUIET TITLE AND DECLARATORY JUDGMENT

---

Plaintiff, Jeffrey S. Shoaf ("Plaintiff" or "Shoaf"), through his counsel, Garfield & Hecht, P.C., complains against Defendants as follows:

### PARTIES

1. Plaintiff is the owner of the real property located in Pitkin County, Colorado, known as a portion of the Iron Silver Placer, Pitkin County Assessor Parcel ID#273730401001, and further described on **Exhibit A**, and incorporated herein by reference ("Plaintiff Property").

2. Defendant Board of County Commissioners of Pitkin County ("BOCC") is the owner of property located in Pitkin County, Colorado, between the top of the Aspen Mountain Summer Road ("Summer Road") and Plaintiff Property, which property is commonly known as the No. 7 Lode and the Forest Queen Lode, Pitkin County, which are described in the deeds attached as **Exhibits B and C**, and incorporated herein by reference, and commonly known as a portion of Pitkin County Assessor Parcel ID# 27371930085(No. 7 Lode and Forest Queen Lode referred to collectively as "BOCC Property").

3. Plaintiff claims a nonexclusive access easement across the BOCC Property along the alignment of that road commonly known as Loushin's Road and as depicted on **Exhibit D** attached hereto ("Plaintiff Easement").

4. Defendant United States Forest Service ("USFS") owns and manages the land traversed by Loushin's Road, through the White River National Forest, from where it exits the BOCC Property to where it enters property owned by the Aspen Skiing Company adjacent to the Shoaf Property.

5. Plaintiff seeks to quiet title in himself to the Plaintiff Easement and therefore has also named "all unknown persons" as defendants in accordance with C.R.C.P. 105.

6. Plaintiff, through counsel, researched the Pitkin County records and confirmed that the individuals and entities indentified above may claim an interest in the Plaintiff Easement claimed by Plaintiff. Plaintiff designates persons at this time unknown to him to claim an interest in the Plaintiff Easement as "all unknown persons who claim an interest in the subject matter of this action."

7. In the alternative to quieting title in Plaintiff to the Plaintiff Easement, Plaintiff seeks a declaratory judgment that Loushin's Road is a public road pursuant to R.S. 2477.

## JURISDICTION

8. This Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1346 as the USFS is an agency of the United States.

## GENERAL ALLEGATIONS

9. The Iron Silver Placer, a portion of which constitutes the Plaintiff Property, is a mining claim known as U.S.M.S. 5963 (sometimes referred to in error as U.S.M.S. 5663) with a survey date of September 17, 1888. *See* **Exhibit E**.

10. The No. 7 Lode, which constitutes a portion of the BOCC Property, is a mining claim known as U.S.M.S. 5819 with a survey date of November 16, 1886. *See* **Exhibit F**.

11. The Forest Queen Lode, which constitutes a portion of the BOCC Property, is a mining claim known as U.S.M.S. 5780 with a survey date of February 7, 1889. *See* **Exhibit G.**

12. A patent was issued for the Iron Silver Placer in May 11, 1892, which removed the Iron Silver Placer from the public domain. *See* **Exhibit H.**

13. A patent was issued for the No. 7 Lode in November 2, 1892, which removed the No. 7 Lode from the public domain. *See* **Exhibit I.**

14. A patent was issued for the Forest Queen Lode in November 1, 1891, which removed the Forest Queen Lode from the public domain. *See* **Exhibit J.**

15. The BOCC acquired title to the No. 7 Lode on July 11, 1949, via Treasurer's Deed recorded at Reception No. 96570 of the Pitkin County real estate records. *See* Ex. B.

16. The BOCC acquired title to the Iron Silver Placer via two Treasurer's Deeds: on July 24, 1950, recorded at Reception No. 97643 and on March 7, 1951, recorded at Reception No. 98154, all recorded in the Pitkin County real estate records. *See* **Exhibit K.**

17. The BOCC acquired title to the Forest Queen Lode on April 22, 1949, via Treasurer's Deed recorded at Reception No. 96232 of the Pitkin County real estate records. *See* Ex. C.

18. The BOCC conveyed all of its interest in the Iron Silver Placer to the Loushin Brothers via quitclaim deed recorded on March 4, 1952 at Reception No. 99006 of the Pitkin County real estate records. *See* **Exhibit L**.

19. Several Loushin Brothers sold their interest in the Iron Silver Placer to the Aspen Skiing Company ("ASC") via deeds recorded at Reception Nos. 318404, 320937, 327809, 519858 and 519859 of the Pitkin County real property records, amounting to an undivided $68/120^{th}$ interest in the Iron Silver Placer.

20. In 2006, Plaintiff Jeffrey S. Shoaf acquired title to a 52/120th interest in the Iron Silver Placer from Frank and Albert Loushin via deeds recorded at Reception Nos. 522268, 527882, 527883, 531976, and 528476 of the Pitkin County real property records. *See* **Exhibit M**.

21. Pursuant to a settlement in the partition action initiated by the Aspen Skiing Company and titled Pitkin County District Court Case No. 13CV67, Plaintiff Jeffrey S. Shoaf now owns the Shoaf Property, a portion of the Iron Silver Placer, as described on Exhibit A.

22. When the Aspen Ski Area is not conducting its winter ski operations, Plaintiff accesses the Shoaf Property from the top of the Aspen Mountain Road, a public road, via Loushin's Road as depicted on Exhibit D. This access is vehicular, on foot or by bicycle.

23. Loushin's Road crosses portions of the Forest Queen Lode and No. 7 Lode, owned by the BOCC, as shown on the survey attached hereto as Exhibit D.

24. The Sopris National Forest was established on April 26, 1909, and included the land now in the White River National Forest, USFS, that the Loushin's Road traverses.

25. The BOCC has communicated to Plaintiff that he does not have an easement across the BOCC Property.

26. The USFS has communicated to Plaintiff that it will not consider issuance of a special use permit to Plaintiff for access across USFS Property unless Plaintiff has an easement across the BOCC Property.

## FIRST CLAIM FOR RELIEF
### (Quiet Title – Implied Easement by Pre-existing Use – against BOCC and USFS)

27. Plaintiff incorporates and restates by reference all of the previous allegations herein.

28. The BOCC contemporaneously held title to the Forest Queen Lode, the No. 7 Lode and the Iron Silver Placer from July 24, 1950 to March 4, 1952.

29. When the BOCC conveyed the Iron Silver Placer to the Loushin Brothers, Plaintiff's Easement, aka Loushin's Road, was already in existence and used for access to the Iron Silver Placer.

30. The only way to access the Iron Silver Placer when the Aspen Ski Area is not conducting its winter ski operations is via the Aspen Mountain Road (public) and Loushin's Road (Plaintiff's Easement).

31. Plaintiff's Easement (also referred to herein as "Loushin's Road") was used as access to the Iron Silver Placer prior to BOCC's ownership thereof.

32. The U.S. Geological Survey (USGS) topographic map entitled "Tourtelotte Park Special" and dated 1891, attached hereto as **Exhibit N,** shows Loushin's Road in its current location (Tourtelotte Park Map).

33. Plaintiff and his predecessors have used Plaintiff's Easement to access the Iron Silver Placer since at least 1888 as shown by the Mineral Survey No. 5963 Plat (Iron Silver Placer) attached hereto as Exhibit E.  Exhibit E shows a wagon road across the Iron Silver Placer in the Loushin's Road current location.

34. The Tourtelotte Park Map showing Plaintiff's Easement, even as it crosses the USFS Property, shows that Loushin's Road was in existence prior to the creation of the Sopris National Forest.

35. When the BOCC sold the Iron Silver Placer to the Loushin Brothers, the continuation of the use of Loushin's Road (Plaintiff Easement) for access thereto was necessary to the use and enjoyment of that parcel as it is the only access from a public road, the Aspen Mountain Road, when the Aspen Ski Area is not in operation.

36. The deed from the BOCC to Loushin Brothers conveying the Iron Silver Placer (Exhibit I) does not include any prohibition of the use of Loushin's Road for access.

37. In 1964, when ASC was a tenant-in-common with Plaintiff's predecessors, the BOCC granted an easement to ASC across the No. 7 and Forest Queen Lodes for access to the Iron Silver Placer. *See* **Exhibit O**.

38. It would be inequitable and a violation of the Equal Protection clause of the United States Constitution for the BOCC, as a governmental entity, to concede the existence of an access easement for ASC but not for Shoaf to the same parcels.

39. Plaintiff is entitled to the Plaintiff Easement as it crosses both the BOCC Property and the USFS Property as an implied easement by pre-existing use.

40. Plaintiff is entitled to a judgment in his favor quieting title to the Plaintiff Easement.

### SECOND CLAIM FOR RELIEF
### (Quiet Title – Easement by Necessity)

41. Plaintiff incorporates and restates by reference all of the previous allegations herein.

42. As set forth above, the BOCC held title to the No. 7 Lode, the Forest Queen Lode and the Iron Silver Placer from 1950 to 1952.

43. In 1952, the BOCC conveyed all of its interest in the Iron Silver Placer to the Loushin Brothers.

44. When conveying a portion of its land to the Loushin Brothers, the BOCC could not deprive the Iron Silver Placer of a right of access.

45. The Plaintiff Easement/Loushin's Road is the only access from a public road, the Aspen Mountain Road, to the Plaintiff Property when the Aspen Ski Area is not in operation.

46. This necessity for use of Loushin's Road for access existed in 1952 when the BOCC sold the Iron Silver Placer to the Loushin Brothers.

47. Plaintiff is entitled to judgment in his favor quieting title to the Plaintiff Easement as an easement by necessity.

### THIRD CLAIM FOR RELIEF
### (Declaratory Judgment pursuant to F.R.C.P. 57 and 28 U.S.C. §§ 2201 *et seq.* - Public Road pursuant to R.S. 2477)

48. Plaintiff incorporates and restates by reference all of the previous allegations herein.

1664799_4

49. An actual and justiciable controversy as to whether Loushin's Road is a public road pursuant to R.S. 2477, also referred to as the Act of July 26, 1866, ch. 262, Section 8, 14 Stat. 251, 253 (1866) (formerly codified at 43 U.S.C. Sec. 932)(repealed by 43 U.S.C. Sec. 1769) ("R.S. 2477") as the BOCC has stated that it is not a public road.

50. R.S. 2477 provides, "[t]hat the right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted."

51. Plaintiff is entitled to a declaratory judgment that Loushin's Road is a public road pursuant to R.S. 2477 because:

  (a) Loushin's Road was in existence and used prior to the creation of the Sopris National Forest in 1909;

  (b) Loushin's Road was in existence and used prior to the removal of the BOCC Property from the public domain as follows:

     (1) The Iron Silver Placer survey plat was issued on September 17, 1888, and depicts the Plaintiff Easement across that parcel labeled as "wagon road." *See* Exhibit E. Clearly, the Plaintiff Easement was used to access the Iron Silver Placer at that time.

     (2) The 1891 survey of the Aspen Mountain area depicts Loushin's Road, confirming its use and existence. *See* Ex. N.

     (3) The Iron Silver Placer patent was issued on May 11, 1892. *See* Exhibit G.

     (4) The Forest Queen Lode Patent was issued on November 1, 1891. *See* Exhibit I.

     (5) The No. 7 Lode Patent was issued on November 2, 1892.

  (c) The use necessary to establish the road [under R.S. 2477] can be very limited, and 'if the use be by only one, still it suffices.'" *Lee v. Masner*, 45 P.3d 794, 795 (Colo.App. 2001), *citing to Leach v. Manhart*, 77 P.2d 652, 653 (Colo.1938).

  (d) Loushin's Road was in use as a road prior to the creation of the Sopris National Forest on April 26, 1909 and prior to the removal of the No. 7 Lode and the Forest Queen Lode, the BOCC Property, from the public domain.

  (e) Plaintiff is entitled to a declaratory judgment declaring Loushin's Road, including Plaintiff's Easement, as a public road pursuant to R.S. 2477.

1664799_4

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

1. A complete adjudication of the rights of all parties to the Plaintiff's Easement claimed by Plaintiff herein;

2. A final judgment and decree determining that Plaintiff is the owner of Plaintiff's Easement and therefore has a right of access, by foot, non-motorized or motorized use, over the BOCC Property and USFS Property;

3. A determination that the Defendants have no right, or interest in preventing Plaintiff's use of Plaintiff's Easement;

4. An order barring the Defendants from ever preventing Plaintiff's use of Plaintiff's Easement;

5. An award of attorneys' fees and costs to Plaintiffs as against Defendants as may be allowed for by law; and

6. Such other relief as the Court may deem proper; or in the alternative

7. An order declaring Loushin's Road, including Plaintiff's Easement, as a public road pursuant to R.S. 2477 and awarding Plaintiff his attorneys' fees and costs to the extent such may be allowed for by law and such other and further relief as the Court may deem proper.

DATED: November 16, 2017.

Respectfully submitted,

GARFIELD & HECHT, P.C.

s/*David McConaughy*
David H. McConaughy
Mary Elizabeth Geiger
Garfield & Hecht, P.C.
901 Grand Ave., Suite 201
Glenwood Springs, Colorado 81601
Telephone: (970) 947-1936
E-Mail: dmcconaughy@garfieldhecht.com
megeiger@garfieldhecht.com
*Attorneys for Plaintiff*

1664799_4